# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

## CIVIL NO.  3:09CV331-T-02
## (3:00CR233-4-T)

| | | |
|---|---|---|
| **MARCELLUS THOMAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND** |
| | ) | **ORDER OF DISMISSAL** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed July 29, 2009.  No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255**.  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 8, 2001, Petitioner and four other men were charged with bank robbery and aiding and abetting that offense, in violation of 18 U.S.C. §§ 2113 (a) and 2 (Count One), armed bank robbery and aiding and abetting that offense, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Two), and brandishing a firearm during and in relation to such bank robbery and aiding and abetting that offense, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three). **Superseding Bill of Indictment, filed January 8, 2001.**

On February 21, 2001, Petitioner appeared with counsel before the Magistrate Judge and pled guilty to all of the charges without benefit of a plea agreement. **Entry and Acceptance of Guilty Plea, filed February 21, 2001.** On that occasion, the Magistrate Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty pleas were knowingly and voluntarily made and entered. *Id.* After

considering Petitioner's answers to the numerous questions, along with his demeanor and temperament, the Magistrate Judge found that Petitioner's guilty pleas were intelligently and freely made, and that he understood the charges, penalties, and consequences of those pleas. *Id*. **at 4.** Accordingly, the Magistrate Judge accepted the pleas. *Id*.

On August 13, 2001, the Government filed a motion for a downward departure pursuant to U.S. Sentencing Guidelines § 5K1.1 based on Petitioner's substantial assistance to the Government, and requested that the Court reduce his offense level on the armed robbery charge from 31 to 27. **Government's Motion for a Downward Departure, filed August 13, 2001**. If granted, such departure would have resulted in reducing Petitioner's applicable sentencing range from 188 to 235 months (plus seven years for the firearm conviction) to a range of 130 to 162 months (plus seven years for the firearm conviction). *Id*.

On August 14, 2001, Petitioner filed a sentencing memorandum with several letters from family members attached thereto, asking the Court to sentence him at the low end of the reduced range which the Government had requested. **Defendant's Sentencing Information, filed August 14, 2001**.

On August 16, 2001, the undersigned conducted a factual basis and sentencing hearing. The Court adopted the factual findings and guideline applications made by the Probation Officer, namely that Petitioner's total offense level was 31, his criminal history category was VI, and his corresponding range of imprisonment was 188 to 235 months. **Judgment in a Criminal Case at 6, filed September 13, 2001**. In addition, however, the Court granted the Government's motion for a downward departure to offense level 27. *Id*. Ultimately, the Court merged Petitioner's conviction on the lesser included bank robbery conviction into the more serious armed robbery conviction, and imposed a 130-month sentence on that conviction and a consecutive 84-month sentence on the firearm conviction, for a total of 214 months imprisonment. *Id*. **at 2**.

Petitioner timely filed a notice of appeal to the Fourth Circuit Court of Appeals. **Notice of Appeal, filed August 27, 2001**. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), but asserted that Petitioner's § 924(c) conviction was erroneous because he never physically carried or brandished the firearm. ***United States v. Thomas*, 48 F. App'x 82, 83 (4th Cir. 2002)**. Petitioner filed a *pro se* supplemental brief arguing that his convictions under §§ 924(c) and

2113(d) constituted unconstitutional cumulative punishment. *Id*. However, on October 17, 2002, the appellate Court rejected both claims, finding Petitioner's § 924(c) conviction was proper under an aiding and abetting theory for that offense, and that his double jeopardy claim was meritless based upon the Court's prior decision in *United States v. Shavers*, 820 F.2d 1375, 1378 (4th Cir. 1987) (finding no double jeopardy violation for separate sentences for §§ 924(c) and 2113(d) convictions). *Id*. at 83. Therefore, Petitioner's convictions and sentences were affirmed. *Id*. Petitioner did not seek further direct review at the U.S. Supreme Court; therefore, his convictions and sentences became final 90 days later, on January 15, 2003. **See Clay v. United States, 537 U.S. 522 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").** Equally critically, Petitioner had up to and including January 15, 2004, in which to file the instant motion to vacate. **28 U.S.C. § 2255**.

Nevertheless, after a lapse of nearly 13 months, Petitioner filed a motion pursuant to Fed. R. Civ. P. 6(b) seeking a thirty-day extension in which to file his motion to vacate. **Defendant's Motion pursuant to Fed.**

**R. Civ. P. Rule 6(b), Requesting an Enlargement of Time in Which to Formally File His Motion Pursuant to 28 U.S.C. § 2255 For Good Cause Shown, filed February 6, 2004**. On February 18, 2004, the Court denied Petitioner's motion on the ground that it lacked authority to extend the deadline. **Order, filed February 18, 2004**.

Thereafter, Petitioner filed a letter-motion for transcripts, which this Court denied. ***See* Letter, filed September 29, 2004; Order, filed October 12, 2004**. Petitioner also filed a renewed motion for transcripts. **Defendant's Renewed Motion Pursuant to 28 U.S.C. § 753(f) in Light of the U.S. Supreme Court's Application, Applying Blakely's Principles to the U.S. Sentencing Guidelines, filed February 28, 2005**. The renewed motion was also denied. **Order, filed March 3, 2005**. Petitioner unsuccessfully appealed that second Order to the Fourth Circuit Court of Appeals. ***See United States v. Thomas*, 137 F. App'x 587 (4th Cir. 2005)**.

Now after a lapse of an additional four years, Petitioner has returned to this Court on the instant motion to vacate arguing that he was subjected to two instances of ineffective assistance of counsel by virtue of counsel's alleged failures to review his Presentence Report with him, and to challenge the § 924(c) charge. **Motion to Vacate, received July 31,**

**2009**.  In Petitioner's motion to vacate, he certifies that he delivered said motion to the authorized corrections official for mailing on July 29, 2009. Therefore, the Court will treat Petitioner's motion as having been filed as of that date.  ***See Houston v. Lack*, 487 U.S. 266 (1988) (announcing the so-called "mail box" rule for determining filing dates)**.  Notwithstanding that determination, however, it is obvious from the record that Petitioner's motion to vacate is untimely.

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation applies to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral re view; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255**.

## III. DISCUSSION

As was previously noted, Petitioner appealed his convictions and sentences to the Fourth Circuit, but his appeal was rejected by a decision entered October 17, 2002. Further, Petitioner did not file a petition for a *writ of certiorari* in the U.S. Supreme Court. Therefore, the judgment in his criminal case became final 90 days after October 17, 2002, that is, on January 15, 2003. **Clay, 537 U.S. 522.** In order for Petitioner's motion to be considered timely, it must have been filed no later than January 15, 2004. However, Petitioner's motion was not filed until July 29, 2009.

In an attempt to explain why this Court should construe his motion to vacate as timely filed, Petitioner states:

> 1) from Feb. 2002 to Feb. 2008 I was on control medication Prednisone "heavily" could not breath on my own thought I was dieing. This drug had me paranoid, confused, discourage, with great psychological depression. I could not walk from one place to another without the use of my rescue inhaler (Albuterol). I've been using Prednisone all year round, and I still couldn't breath. I wrote M.D. Morales up for over medicating me with the "control medication Prednisone." He had my care level raise to level 3, and I was transferred here (FCI Butner II

medical Institution) from (<u>FCI Fairton</u>).  I no longer take Prednisone, my asthma is still out of control.  I'm now on (3) different Inhalers rescue inhaler Albuterol, Beclomethasone, and Spiriva Handihaler.  2) "<u>Newly dicovered Evidence</u>" Did not no it was because of my lawyer that I never recive my 5K1.1 Downward departure, did not no that my PSR had no indication of me having a downare departure motion, because my lawyer never went over my PSR with me – Here we are not allow to have PSR my lawyer knew all along what was going on and did not want me to find out.  All my co-defendants are going home within a few months.  I'm 54 years old, why am I still here looking at another 7 years.  I have children and family I love and care for just as much as any one of my co-defendants what makes them so <u>more</u> special than me?  I had less involvement in the bank robbery than any of them!  They didn't help the government I did.  Based on the substantial assistance to authorities (policy) (statement) upon motion of the government stating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.  The appropriate reduction shall be determined by the reasons stated that my include, but are not limited to, consideration of the following: 1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of the information provided by defendant; (3) The nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; (5) the timeliness of the defendant's assistance.  <u>None of these's Policy Statements were ever tooken into consideration for me or my family!  5K1.1 Granted</u>.

**Motion, *supra*, at 13 (errors and emphasis in original).**  Clearly,

however, nothing in the foregoing statement relieved Petitioner of his

obligation to comply with the one-year limitations period for this motion.

Indeed, such explanation does not qualify Petitioner for statutory tolling

under 28 U.S.C. § 2255, nor does it qualify him for equitable tolling. ***See***

***United States v. Sosa*, 364 F.3d 507, 511-13 (4ᵗʰ Cir. 2004) (discussing**

**the requirements for equitable tolling); *Rouse v. Lee*, 339 F.3d 238,**

**246 (4ᵗʰ Cir. 2004) (en banc) (same)**.  Consequently, Petitioner's motion is

time-barred and must be dismissed. ***See United States v. Hardy*, 156 F.**

**App'x 568 (4ᵗʰ Cir. 2005) (affirming dismissal of time-barred § 2255**

**motion).**


## IV.  ORDER

**IT IS, THEREFORE ORDERED** that Petitioner's motion to vacate,

set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is hereby

**DISMISSED WITH PREJUDICE** as time-barred.


Signed: August 11, 2009

Lacy H. Thornburg
United States District Judge